# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00165-MR-DLH

| | |
|---|---|
| DEMARCUS BLAKLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CORRECTIONAL OFFICER BATES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Seal Affidavit of Michael Grasty and Affidavit of Richard Terry [Doc. 50].

The Plaintiff moves for leave to file under seal the Affidavits of Michael Grasty and Richard Terry and the exhibits attached thereto, which were submitted in support of the Defendants' Motion for Summary Judgment. [Doc. 50]. For grounds, the Defendants argue that these affidavits and exhibits contain materials which have been designated "Attorney's Eyes Only" pursuant to the Protective Order issued in this matter. [Id. at 1].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749

F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Here, the Defendants contend that the Grasty and Terry Affidavits and the exhibits attached thereto are subject to sealing due to the fact that they reference "Attorney's Eyes Only" materials. [Doc. 50 at 1]. The fact that counsel may have designated this material confidential during discovery,

however, does not necessarily require sealing when such material is filed in the record.  See Legal Newsline v. Garlock Sealing Techs. LLC, 518 B.R. 358, 363 (W.D.N.C. 2014) ("Protective orders serve legitimate purposes in both expediting discovery and protecting trade secrets, proprietary information, privileged communications, and personally sensitive data from inadvertent disclosure during the process of discovery; however, the confidentiality afforded under a Protective Order to discovery materials does not automatically extend to documents submitted to the court.").  It is ultimately up to the Court, not the parties, to decide whether materials that are filed in the record of this case should be shielded from public scrutiny.

The Defendants have failed to demonstrate any interest compelling enough to overcome the presumptive right of public access to the Grasty and Terry Affidavits.  Accordingly, the Defendants' motion to seal is denied.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Seal Affidavit of Michael Grasty and Affidavit of Richard Terry [Doc. 50] is **DENIED**.  If the Defendants intend to continue to rely on these Affidavits and the exhibits attached thereto in support of their Motion for Summary Judgment, the Defendants shall file an unsealed version of such affidavits and exhibits on the public docket within five (5) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: August 5, 2016

Martin Reidinger
United States District Judge